### *ROSA vs. THE MAYOR & AL.*

. The exclusive privilege granted by the city council, to sell oysters at designated places on the levee, does not prohibit their being sold, at other places within the city.

APPEAL from the court of the first district.

The plaintiff purchased from the defendants at public auction, the exclusive privilege of vending oysters at certain stations on the levee, designated by the city authorities, The petitioner stated that, previous to his purchase, the corporation had prohibited the public sale of oysters, at other places than those adjudicated to him; in consequence of which, he had been induced to give for the privilege the sum of five thousand eight hundred dollars. That since his purchase, oysters had been publicly vended in different parts of the city, to his great injury, and in violation of his privilege, which fact was fully proved by the evidence adduced upon the trial.

To the present action, which was brought to recover the price he paid for his privilege, the defendants plead the general issue. There was judgment for the plaintiff in the court below, and the defendants appealed.

Eastern District.
*March* 1830.

Rosa
*vs.*
The Mayor.
& al.

*Eustis*, for the plaintiff and appellee, urged the following points :

1. That the sale from the corporation of New-Orleans was a privilege; that the word itself implied exclusiveness; that that which every body had a right to enjoy could not be a privilege; that the interference of others in the same business, in public places, with plaintiff, rendered his privilege utterly useless and of no value; that the sale necessarily implied warranty, and consequently the defendants were bound to indemnify the plaintiff for any loss he might suffer by any disturbance of his privilege, which the government of the city, by their ordinances, bound themselves to prevent.

That the city ordinances were proved to have been violated by the public sale of oysters in public places, other than those specified in the ordinances.

That the government was notified of these violations of plaintiff's privileges, and called upon to defend him in the right they had sold.

Eastern District.
March, 1830.

Rosa
vs.
The Mayor
& al.

The damages being clearly proved under the warranty, the plaintiff is entitled to recover, and the verdict must stand.

2. If there was no privilege sold, then there was error as to the subject matter of the contract, and the price paid must be returned.— *C. C. art.* 1835, 1836, 1837, 1875, 1876 as to the fact of error under this view of the case, the evidence is conclusive. No one would give the sum of five thousand eight hundred dollars for a mere right which was valueless, unless through the most palpable error.

Under every possible view of the case, he thought the verdict ought to be confirmed, and urged as a strong reason in its favor, that it was rendered by corporators of New-Orleans, who were judges in their own cause, but who could not resist the conviction of the justice of the plaintiff's claim.

MARTIN, J. delivered the opinion of the court. The petition states the plaintiff purchased from the defendants, for five thousand eight hundred dollars, the privilege of selling oysters in the city of New-Orleans, in certain places on the levee, theretofore designated

Eastern District.
*March*, 1830.

ROSA
*vs.*
THE MAYOR
& AL.

for that purpose, and which were then understood to be the only ones in the city where oysters were permitted to be sold. That the places thus designated were seventeen ; but since the plaintiff's purchase, oysters have been sold in sundry other places, in violation of his privilege, and his complaints on that head to the proper officers have been disregarded, and the sale of oysters at these new places winked at and tolerated, whereby the privilege has become of no value ; and he has besides lost several large sums, expended in an attempt to render it available. He prayed that the defendants be decreed to repay him the sum of three thousand eight hundred sixty-six dollars and sixty-six cents he had paid to them, and surrender four notes he had given them to secure the balance of the price of the privilege, one thousand nine hundred thirty-three dollars and thirty-three cents.

The general issue was pleaded. There was a verdict for the plaintiff, the four last notes to be returned, amounting to one thousand nine hundred thirty-three dollars and thirty-three cents.

Eastern District.
*March*, 1830.

Rosa
*vs.*
The Mayor
& al.

The district court gave judgment in favor of the plaintiff for five thousand eight hundred dollars, reserving the defendant's right to reduce it for one thousand nine hundred thirty-three dollars and thirty three cents, by surrendering the plaintiff's notes to that amount.

The defendants prayed a new trial, on the ground the judgment being contrary to law, the evidence and verdict ; and, on its being refused, appealed.

We have considered the case on the merits; the counsel of neither of the parties having urged the technical question arising on the manner in which the judgment was entered.

It has appeared to us that the plaintiff purchased nothing but the exclusive privilege of selling oysters in the different places designated for that purpose on the levee. Nothing was said as to the sale of oysters elsewhere ; and we cannot think he has any right to complain, when he was allowed the full enjoyment of the privileges he purchased,

*The privilege granted by the city council, to sell oysters at designated places on the levee, does not prohibit them being sold at other places within the city.*

It is therefore ordered, adjudged, and decreed, that the judgment of the district court be annulled, avoided and reversed, and that there be judgment for the defendants, with costs in both courts.